GEORGE HUSSEY & others *vs.* JOHN S. FARLOW & another.

If a vessel is chartered here, for a certain sum payable monthly in dollars, " at each port of discharge, (that is, the amount which may have accrued up to such times,) at the current rate of exchange on London," and the balance in cash on the arrival and discharge of the ship in the United States, the value of sums paid in foreign ports, where there was no current rate of exchange of United States currency on London or the United States, is to be fixed with reference simply to the current rate of exchange on London from those places; and no addition or allowance is to be made for the rate of exchange between London and the United States.

CONTRACT brought to recover a balance due upon a charter party. The case was reserved for the determination of the whole court, upon facts which sufficiently appear in the opinion

*J. C. Stone & W. W. Crapo,* for the plaintiffs.

*C. P. Curtis,* for the defendants.

HOAR, J. The only question left for our decision, and not disposed of by the agreement of the parties, arises upon the construction of the contract between them in a single particular. By an alternative clause in the charter party, which the defendants elected to adopt, they were to pay for the hire of the ship a monthly rate of $2000 a month ; the charter money to be " due and payable at each port of discharge, (that is, the amount which may have accrued up to such times,) at the current rate of exchange on London, and any balance due to be paid in cash in Boston or New York on the arrival and discharge of the ship." The defendants made sundry payments on account at ports in the East Indies ; and now contend that the value of these payments should be estimated, not merely with reference to the rate of exchange on London from the places where they were made, which is not disputed ; but by adding the current rate of exchange between London and the United States. The argument rests upon the assumption that, there being no current rate of exchange on London from the East Indies, in dollars, the only mode in which the amount in dollars can be ascertained is, to take the number of dollars which, at the dates of the several payments, wou'd have purchased in the United

States the sum reckoned in English currency, if paid in London.

We are of opinion that this is not the true construction of the contract, and that the rate of exchange between England and the United States is not an element in determining the value in dollars of the payments made by the defendants. The fact that the payments were to be made of specified sums in ports of the East Indies, from time to time, at the expiration of successive voyages, when it would of course be impossible to know the current rate of exchange between England and the United States, is strong evidence that the parties did not understand that they were contracting in reference to such rate of exchange. The stipulation that the payments should be made " at the current rate of exchange on London " would also show that no other or farther rate of exchange was intended to be computed.

The argument of the defendants would lead to a conclusion which would place the plaintiff in the same condition as if the contract had provided that the monthly hire of $2000 should be payable in the United States. In that case, if the parties chose to adopt as a substitute a payment in London, it might be equitable to compute the precise commercial equivalent, according to the rate of exchange at the time of payment. But by the terms of the charter party the payments were to be made abroad, and the plaintiffs were entitled to any advantage which the place of payment might give them. If a smaller sum in Boston or New York would purchase the sum which they paid, they would not be obliged to pay more ; nor can they claim to pay less because a larger sum would be required.

At the time the contract was made, a dollar of the currency of the United States had an intrinsic value, as compared with the currency of foreign countries, capable of exact ascertainment, though not fixed by law for the purposes of legal tender here. It is very clear that if the defendants had made their payments in the East Indian ports, in silver dollars of United States coinage, for example, or in any other lawful dollars which the contract called for, they would not have been entitled to any

deduction for the cost of transmitting the sum paid. And it is well settled in this commonwealth that, except in the case of commercial paper, no allowance is made for exchange, unless there is a special agreement in regard to it between the contracting parties. *Adams* v. *Cordis*, 8 Pick. 260. *Lodge* v. *Spooner*, 8 Gray, 166.

The account is therefore to be made up between the parties, so far as relates to the matter in controversy, according to the plaintiffs' computation.